DAVID H. STERN (Cal. Bar No. 196408)
ALEX E. SPJUTE (Cal. Bar No. 229796)
SOO H. KIM (Cal. Bar No. 347033)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email:        *dtern@bakerlaw.com*
              *aspjute@bakerlaw.com*
              *skim@bakerlaw.com*

BILLY M. DONLEY (Tex. Bar. No. 05977085)
*Pro Hac Vice* Pending
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, TX 77002-5009
Telephone:  713.751.1600
Facsimile:   713.751.1717
Email:        *bdonley@bakerlaw.com*

*Attorneys for Defendants,*
SCOUT MOTORS INC. and SCOUT
MOTORS SALES LLC,

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA NEW CAR DEALERS ASSOCIATION, a non-profit trade association, <br><br> Plaintiff, <br><br> v. <br><br> VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation, VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, VOLKSWAGEN AG, a publicly traded German corporation, SCOUT MOTORS, INC., a limited liability company, SCOUT MOTORS SALES LLC, a Delaware corporation, and DOES 1-20, inclusive. <br><br> Defendants. | **CASE NO.:** '25CV1316 BAS DEB <br><br> *[San Diego County Superior Court Case No. 25CU020560C]* <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** <br><br> *[Filed concurrently with Civil Cover Sheet; Notice of Parties with Financial Interest; and Corporate Disclosure Statement]* <br><br> Action Filed:         April 21, 2025 <br> Complaint Served:  April 24, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal, Defendants Scout Motors Inc. ("Scout Motors") and Scout Motors Sales LLC ("Scout Motors Sales," together "Scout Motors Defendants"), by and through their undersigned counsel, hereby removes the action filed by Plaintiff California New Car Dealers Association ("Plaintiff" or "CNCDA") in the Superior Court of the State of California, in and for the County of San Diego, entitled *California New Car Dealers Association v. Volkswagen of America, Inc., et al.*, Case No. 25CU020560C ("State Court Action"), to the United States District Court for the Southern District of California.  In support of this Notice of Removal, Scout Motors Defendants state the following:

### I.    STATUS OF THE PLEADINGS AND PROCESS

1.    On April 21, 2025, Plaintiff filed the State Court Action as an unlimited civil action in the Superior Court of California, in and for the County of San Diego.

2.    On or about April 24, 2025, Plaintiff served Scout Motors and Scout Motors Sales through each company's registered agent for service of process with copies of the Summons, Complaint, and related State Court documents.

3.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**, and a true and correct copy of the state court docket and all process, pleadings, and orders served on the Scout Motors Defendants in the State Court Action is attached hereto as **Exhibit B**.

4.    The Scout Motors Defendants have not responded to or otherwise appeared in the State Court Action.

5.    Defendants "Does 1-20" have yet to be identified, and thus are to be disregarded for the purposes of this removal.  *See* 28 U.S.C. § 1441(b)(1).

6.    The action has not previously been removed to federal court.

7.    In the complaint, Plaintiff asserts one cause of action against the Scout Motors Defendants, as well as the other named Defendants, Volkswagen of America, Inc., Volkswagen Group of America, Inc., and Volkswagen AG (collectively with the Scout Motors Defendants, the "Defendants") for an alleged violation of the Unfair Competition Law, California Business and Professions Code § 17200. (Compl. ¶¶ 83-94). Plaintiff asserts a second cause of action against Scout Motors for the alleged violation of the False Advertising Law, California Business and Professions Code § 17500.  (Compl. ¶¶ 95-104.)

## II.    CONSENT OF ALL DEFENDANTS

8.    Counsel for the Scout Motors Defendants has met and conferred with counsel for Defendants Volkswagen of America, Inc., Volkswagen Group of America, Inc., and Volkswagen AG, and each consents to the removal of this action and the filing of this Notice of Removal. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009)("the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.")

## III.    DIVERSITY OF CITIZENSHIP

9.    For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center," *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[I]n practice," a corporation's "nerve center" is "normally the place where the corporation maintains its headquarters." *Id*. at 93.

10.    Plaintiff's Citizenship. On information and belief, and as listed on both Plaintiff's website, https://www.cncda.org/, and as registered with the California

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Secretary of State, available at https://bizfileonline.sos.ca.gov/search/business, Plaintiff is, and was at the time of filing, a Nonprofit Mutual Benefit Corporation incorporated under the laws of California with its principal place of business and "nerve center" in Sacramento, California. (*See* Compl. ¶¶ 10-14)(admitting Plaintiff is a "statewide trade association", based in California with California member dealers.)  Thus, Plaintiff, as a corporation, is a citizen of California.

11.    Plaintiff is "a statewide trade association that represents the interests of more than 1,400 franchised new car and truck dealer members" in California. (Compl. ¶ 10.)

12.    Here, Plaintiff is the real party to the controversy, not its 1,400 members.  In fact, Plaintiff alleges it has standing to sue in its own right.  (Compl. ¶¶ 21, 23-24.)  Plaintiff further alleges that "[n]either the claims asserted nor the relief requested in [the] Complaint requires the participation of individual CNCDA members in this lawsuit because, among other reasons,[] CNCDA does not seek recovery of monetary damages [for its members] . . . ." (*Id.* ¶ 21.)

13.    Further, Plaintiff has a stake in the outcome of the litigation because Plaintiff alleges in its Complaint that it has standing to assert a claim in its *own right* because it "lost money or property" as a result of Defendants' unfair competition and Scout Motors' false advertising. (Compl. ¶¶ 23-24); *see also Fifteen Twenty-One Second Ave. Condo. Ass'n v. Viracon, LLC*, No. 2:23-CV-1999, 2024 WL 2874029, at *3 (W.D. Wash. June 7, 2024) (denying Plaintiff's Motion for Remand and holding diversity of citizenship is met because there was no claim that Plaintiff was suing solely on behalf of its members, Plaintiff clearly articulated that it suffered the injuries claimed, and there was no evidence that anyone other than Plaintiff was the "master of this litigation").

14.    Thus, Plaintiff is a citizen of California and the citizenship of Plaintiff's members is not relevant here.

15.    Scout Motors Inc.'s Citizenship.  For purposes of diversity jurisdiction,

Baker & Hostetler LLP
Attorneys at Law

"a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center," *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[I]n practice," a corporation's "nerve center" is "normally the place where the corporation maintains its headquarters." *Id*. at 93. As alleged in the Complaint, and at the time Plaintiff filed the State Court Action, Scout Motors Inc. is a Delaware corporation with its principal place of business and "nerve center" in McLean, Virginia. (Compl. ¶ 28.) Thus, Scout Motors Inc. is a citizen of Delaware and Virginia.

16. <u>Scout Motors Sales LLC's Citizenship</u>. For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). As alleged in the Complaint, and at the time Plaintiff filed the State Court Action, Scout Motors Sales LLC is a Delaware limited liability company with its principal place of business and "nerve center" in McLean, Virginia. (Compl. ¶ 29.) Scout Motors Sales LLC is wholly owned by, and its sole member is, Scout Motors Inc. *See id.* ("Scout Sales is a wholly owned direct subsidiary of Scout Motors"), who in turn is a citizen of Delaware and Virginia. Thus, Scout Motors Sales LLC is a citizen of Delaware and Virginia.

17. <u>Other Defendants' Citizenship</u>. As alleged in the Complaint, Volkswagen of America, Inc. "is a New Jersey corporation and an operating unit of Volkswagen Group of America, Inc." (*See* Compl. ¶ 25.) On information and belief, Volkswagen of America is a division and d/b/a of Volkswagen Group of America, Inc. Therefore, Volkswagen of America does not have its own distinct state of incorporation or a principal place of business for purposes of diversity. *See Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348 (Cal. App. 4th Dist.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

1996) ("The designation of 'DBA' or 'doing business as' simply indicates [that the corporation] operates under a fictitious business name. Use of a fictitious business name does not create a separate legal entity.").

18.    As alleged in the Complaint, and at the time Plaintiff filed the State Court Action, Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business and "nerve center" in Reston, Virginia. (Compl. ¶ 26.) Thus, Volkswagen Group of America, Inc. is a citizen of New Jersey and Virginia.

19.    As alleged in the Complaint, and at the time Plaintiff filed the State Court Action, Volkswagen AG is a German public "multinational manufacturer of vehicles" with its principal place of business and "nerve center" in Wolfsburg, Germany. (Compl. ¶ 27.)  Thus, Volkswagen AG is a citizen of Germany, a foreign state.

20.    <u>Doe Defendants</u>.    Although Plaintiff has also named fictious defendants, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (finding unnamed defendants are not required to join in a removal petition).  Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

21.    <u>Complete Diversity Exists Here</u>.    Accordingly, the diversity of citizenship between Plaintiff and Defendants establishes sufficient basis for removal of this action under 28 U.S.C. § 1332.[1]

## IV.    **AMOUNT IN CONTROVERSY**

22.    A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs, even when the plaintiff fails to set forth any specific damage amount. *See, e.g., Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).  The

---

[1] If this Court's jurisdiction is challenged, either by Plaintiff or *sua sponte*, Defendants expressly reserve and do not waive their right to supplement and/or amend their removal submissions to present additional information to demonstrate the existence of the requisite diversity between the parties.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant if the plaintiff is victorious. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018). It "is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

23. A removing defendant need only establish, according to the lenient preponderance of the evidence standard, that the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a), 1446(c)(2)(B). "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Furthermore, it is an abuse of discretion for a district court to *sua sponte* remand a case back to state court without first giving the removing defendant an opportunity to show that the jurisdictional requirements are met.[2] *Academy of Country Music v. Continental Casualty Co.*, 991 F.3d 1059 (9th Cir. 2021).

24. Plaintiff's Complaint asserts the following causes of actions against Defendants: (1) violation of Unfair Competition Law, California Business and Professions Code § 17200 and (2) violation of False Advertising Law, California Business and Professions Code § 17500.

25. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in

---

[2] If challenged, Defendants expressly reserve and do not waive their right to supplement and/or amend their removal submissions to rely on other, higher, reasonable assumptions and/or estimates in calculating the amount in controversy—which would *increase* the amount in controversy. *See Acad. of Country Music, 991* F.3d at 1068; *see also Janis v Health Net, Inc.,* 472 F. App'x 533, 534-35 (9th Cir. Mar. 20, 2012) (holding court erred in refusing to consider evidence or amount in controversy submitted *after* removal in response to a remand motion); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925-29 (9th Cir. 2019) (defendant must be provided "a fair opportunity to submit proof" where amount in controversy is contested).

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted).    But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. *Id.* Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.*

26.    Plaintiff alleges Defendants should be fined $2,500 for each purported violation under the False Advertising Law, "which on information and belief, ***exceeds $35 million in fines***." (Compl. ¶ 1)(emphasis added). Indeed, Plaintiff's Prayer for Relief in the Complaint seeks misdemeanor findings and a fine of $2,500 *per violation* of Business and Professions Code section § 17500 *et seq*. (Compl. Prayer for Relief at 24:5-6.)

27.    Defendants dispute that they could be found liable to Plaintiff for any damages or fines whatsoever, or that Plaintiff could otherwise have incurred any damages whatsoever.  Nevertheless, in evaluating the amount in controversy at issue, alleged civil penalties are properly considered in that calculation.  *See, e.g.*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.") (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)); *Vazquez-Ceron v. Ford Motor Co.*, No. 20-CV-1318-W-KSC, 2020 WL 5905184, at * 2 (S.D. Cal. October 6, 2020) (civil penalties included in amount in controversy calculation for removal purposes); *see also Chavez*, 888 F.3d at 417 ("The amount in controversy is 'not a prospective assessment of [a] defendant's liability.' Rather, it is the 'amount at stake in the underlying litigation.'") (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)).

28.    The amount in controversy also includes the value of restitution. Restitution is limited to money or property that was once in the plaintiff's possession

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

or in which the plaintiff has a "vested interest." *Strojnik v. California through Bonta*, No. 22-CV-1088 TWR (AGS), 2022 WL 11965282, at *2 (S.D. Cal. Oct. 20, 2022) (cite omitted) (including value of restitution and injunctive relief under an Unfair Competitive Law claim in calculating the total amount of controversy). Plaintiff's Prayer for Relief in the Complaint also seeks restitution. (Compl. Prayer for Relief at 24:4.) Defendants dispute that they could be found liable to Plaintiff for any restitution to Plaintiff, or that Plaintiff could otherwise have incurred a loss of money or property. Plaintiff alleges Scout Motors Inc. has improperly accepted over 50,000 reservations and deposits directly from consumers for its vehicles, at $100 apiece, for an additional $5,000,000 in controversy. (Compl. ¶¶ 7, 9.)

29.    The amount in controversy further includes the pecuniary value of nonmonetary relief sought, such as an injunction. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Plaintiff's Prayer for Relief in the Complaint also seeks injunction, which only increases the amount in controversy above and beyond the $40,000,000 already put in controversy based on the alleged penalties and restitution sought. (Compl. Prayer for Relief at 23:27-24-2.) And although Defendants dispute that any of them can be found liable for attorneys' fees or that Plaintiff could recover attorneys' fees from any Defendant, the attorneys' fees sought by Plaintiff only further increases the amount in controversy. (Compl. Prayer for Relief at 24:7); *see Chavez*, 888 F.3d at 416 ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016).

30.    Under California Business and Professions Code section § 17534.5, remedies or penalties for violation of California Business and Professions Code § 17500 are cumulative to each other.

31.    Without conceding liability or that Plaintiff is entitled to or could

8

recover damages in the amount or manner alleged, or at all, the amount placed in controversy by Plaintiff's claims, exclusive of interests and costs, far exceed the $75,000 threshold required for diversity removal.[3]

## V. VENUE

32. This Court is in the judicial district and division embracing the place where Plaintiff filed the State Court Action and where it is pending. Specifically, the United States District Court for the Southern District of California embraces San Diego County, California, which is where Plaintiff filed the State Court Action and where it is pending. Thus, this Court is the district court to which this case is properly removed. *See* 28 U.S.C. §§ 1441(a)-(b) and 1446(a).

## VI. TIMELINESS OF REMOVAL

33. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this removal is timely because it was filed within 30 days of receipt of a copy of the Summons and Complaint in the State Court Action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348–50 (1999).

## VII. NOTICE TO PLAINTIFF AND STATE COURT

34. As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of San Diego.

## VIII. RESERVATION OF RIGHTS AND DENIALS

35. If any question arises as to the propriety of removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is appropriately

---

[3] The amount in controversy calculation is based on an assumption for purposes of removal **only** that the allegations of Plaintiff's Complaint regarding his theories of liability are true, but *without any type of express or implied admission* that the conduct alleged in the Complaint occurred, that Plaintiff has suffered any damages, and that such liability in fact exists. *See, e.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("Removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

subject to removal.

36. Nothing in this Notice of Removal is intended or should be construed as an admission by Defendants of any fact alleged by Plaintiff, of the validity or merit of any of Plaintiff's claims and allegations, or as a limitation of any of Defendants' rights, claims, remedies, or defenses in connection with this action.

Dated:  May 22, 2025

**BAKER & HOSTETLER LLP**

By:   */s/ David H. Stern*
David H. Stern
Billy M. Donley, *pro hac vice* pending
Alex E. Spjute
Soo H. Kim

*Attorneys for Defendants*
SCOUT MOTORS INC. AND SCOUT
MOTORS SALES LLC

10

# CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067. On May 22, 2025, I served a copy of the within document:

## NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

I electronically transmitted the document(s) listed above to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing on the following:

| | |
|---|---|
| Joseph Leventhal<br>**GLASER WEIL FINK HOWARD**<br>**JORDAN & SHAPIRO LLP**<br>600 West Broadway, Suite 2850<br>San Diego, California 92101<br>*jleventhal@glaserweil.com*<br><br>Michael Cypers<br>Julie R.F. Gerchik<br>Wogai Mohmand<br>**GLASER WEIL FINK HOWARD**<br>**JORDAN & SHAPIRO LLP**<br>10250 Constellation Boulevard, 19th Floor<br>Los Angeles, California 90067<br>*mcypers@glaserweil.com*<br>*jgerchik@glaserweil.com*<br>*wmohmand@glaserweil.com* | *Attorneys for Plaintiff,*<br>CALIFORNIA NEW CAR<br>DEALERS ASSOCIATION |

I further certify that a copy of the foregoing document(s) was mailed via U.S. Mail and transmitted via e-mail to the person(s) listed above.

| | |
|---|---|
| ☑ | **VIA EMAIL.** By transmitting by e-mail (electronic transmission) to the e-mail address(es) of the addressee(s). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| ☑ | **VIA U.S. MAIL.** By placing the documents listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is |

11

placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 22, 2025, at Los Angeles, CA.

/s/ Jennifer Gudino
Jennifer Gudino

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

12

CERTIFICATE OF SERVICE