

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CALIFORNIA NEW CAR DEALERS
ASSOCIATION,

Plaintiff,

v.

VOLKSWAGEN GROUP OF
AMERICA, INC., et al.,

Defendants.

Case No.:  25-cv-1316-BAS-DEB

**ORDER DENYING DEFENDANTS' MOTIONS TO STAY DISCOVERY**

**[DKT. NOS. 74, 76]**

Before the Court are Defendants' Motions to Stay Discovery. Dkt. Nos. 74 and 76. Defendants Motions seek to stay discovery (which opened upon the parties' Rule 26(f) conference and the Court's Case Management Conference) until the Court rules on their pending Motions for Judgment on the Pleadings (Dkt. Nos. 73 and 75).  Plaintiff opposes the Motions. Dkt. Nos. 81 and 82.

The Court has wide discretion to control discovery, including whether to grant a stay. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 n.3 (S.D. Cal. 2000) ("a court may, at its discretion, stay discovery pending the adjudication of [a dispositive motion]."). Here, the Court exercises its discretion to decline a stay. This case has been pending on the Court's docket for more than 14 months,

and "district courts have the inherent authority to manage their dockets . . . with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also Spikes v. Simpson*, No. 2:23-CV-02128-CDS-MDC, 2025 WL 3173901, at *2 (D. Nev. Nov. 12, 2025) ("the court has an interest in efficiently managing its civil docket, and a complete stay of this case would directly impact this goal.").

Further, Defendants filed their pending Motions for Judgment on the Pleadings on the heels of their Motions to Dismiss (Dkt. Nos. 52, 53, and 54), and their arguments in the pending Motions could have been made in the former. *See Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) ("[A] Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion . . . ."). Although not procedurally improper, this seriatim attack on the pleadings weighs against a stay.

This case must proceed expeditiously to summary judgment and/or trial if Defendants' pending Motions are denied. Allowing discovery to continue will ensure resolution of the case is not unduly delayed and avoid potentially lengthy and unnecessary extensions to the dates contained in the Court's existing Scheduling Order (Dkt. No. 80).

For the foregoing reasons, Defendant's Motions to Stay Discovery are denied.

**IT IS SO ORDERED.**

Dated:  July 28, 2026

_____
Daniel E. Butcher
United States Magistrate Judge