**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA NEW CAR DEALERS ASSOCIATION,<br>Plaintiff,<br>v.<br>VOLKSWAGEN GROUP OF AMERICA, INC., *et al.*,<br>Defendants. | Case No. 25-cv-01316-BAS-DEB<br>**ORDER DENYING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS (ECF Nos. 73, 75)** |

Presently before the Court are two motions for judgment on the pleadings. (ECF Nos. 73, 75.) Defendants Volkswagen Group of America, Inc. ("VWGoA"), Scout Motors, Inc. and Scout Motors Sales LLC (together with Scout Motors, Inc., "Scout") move for judgment on the pleadings with respect to Plaintiff's remaining claims in his First Amended Complaint ("FAC") following this Court's adjudication of Defendants' prior motions to dismiss. The motions are fully briefed and the Court finds Defendants' motions suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). Upon review, the Court **DENIES** the motions.

## I. BACKGROUND

The Court presumes the parties' familiarity with the factual and legal backdrop of this case, and reincorporates its prior discussion of the FAC's allegations, procedural history, and analysis from its prior order on Defendants' motions to dismiss. (ECF No. 66, ("Prior Order").)

In its Prior Order, the Court granted in part and denied in part Scout's motion to dismiss, permitting Plaintiff's Unfair Competition Law ("UCL") claim to proceed. (*Id.*) The Court denied VWGoA's motion to dismiss the sole UCL count against it. (*Id.*) At the end of the Prior Order, the Court gave Plaintiff leave to amend its complaint with respect to certain dismissed claims. (*Id.*) Plaintiff chose not to amend, leaving the FAC's UCL claims against VWGoA and Scout as the only live claims in the case. VWGoA and Scout then timely answered the FAC. (ECF Nos. 67–68.) With the pleadings closed, the remaining Defendants[1] bring separate motions for judgment on the pleadings. (ECF Nos. 73, 75.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation modified). "When a party invokes Rule 12(c) to raise the defense of failure to state a claim, the motion faces the same test as a motion under Rule 12(b)(6)." *Landmark Am. Ins. Co. v. Navigators Ins. Co.*, 354 F. Supp. 3d 1078, 1081 (N.D. Cal. 2018) (citation omitted).

[1] The Prior Order granted former Defendant Volkswagen AG's motion to dismiss for lack of personal jurisdiction without prejudice. (Prior Order at 29.) Since Plaintiff did not file an amended complaint by the specified deadline, VWGoA and Scout are the only remaining defendants in this case.

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency" of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

### A. Law of the Case Doctrine

Defendants' motions for judgment on the pleadings contend Plaintiff fails to state viable UCL claims against them. (*See generally* ECF Nos. 73, 75.) However, the Court has already ruled otherwise. (Prior Order at 16, 24.) "The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *See Glazier Emps. & Glaziers Union Loc. #27 Pension & Ret. Fund v. iRhythm Techs., Inc.*, No. 24-cv-00706-JSC, 2025 WL 3128193, at *4 (N.D. Cal. Nov. 7, 2025) (quoting *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016)); *see also Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988) ("A court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." (citations omitted)). "For the doctrine to apply, the issue in question must have been decided either expressly or by necessary implication in the previous disposition." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (citation modified). "A Rule 12(c) motion for judgment on the pleadings that raises issues already decided on a prior Rule 12(b)(6) motion to dismiss is subject to the 'law of the case' doctrine." *See Marble Voip Partners LLC v. Zoom Video Commc'ns, Inc.*,

No. 23-cv-03619-JSW, 2024 WL 86859, at *2 (N.D. Cal. Jan. 8, 2024) (citing *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1098 (N.D. Cal. 2005)).

The law of the case doctrine "is subject to three exceptions that may arise when (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *See Grand Canyon Tr. v. Provencio*, 26 F.4th 815, 821 (9th Cir. 2022) (citation modified); *see also Minidoka Irrigation Dist. v. Dep't of Interior*, 406 F.3d 567, 573 (9th Cir. 2005).

Defendants attempt to relitigate issues decided by this Court in the Prior Order. Specifically, Scout attempts to relitigate whether Plaintiff states a viable UCL claim against it. VWGoA attempts to relitigate the same, centered around the Court's prior statutory construction of California Vehicle Code § 11713.3(o)(1) (the "statute"). Both motions are barred by the law of the case doctrine. The Court examines each motion in turn.

**1. VWGoA's Motion for Judgment on the Pleadings**

VWGoA's motion presents a mix of new and old arguments to challenge Plaintiff's UCL count. The motion presents four primary grounds for judgment on the pleadings: (1) the FAC purportedly "seeks no plausible relief against VWGoA"; (2) the Court's "broad construction" of Cal. Veh. Code § 11713.3(o)(1) allegedly violates VWGoA's substantive due process rights; (3) the Court's reading of the statute abrogates common law principles of corporate separateness without sufficient evidence of legislative intent to do so; and (4) the canon of constitutional avoidance and the rule of lenity require a narrower reading of the statute, under which there is no liability for VWGoA. (*See* ECF No. 73 ("VWGoA Mot.") at 1–3.) VWGoA's entire motion, however, takes issue with the "consequences" of the Court's prior ruling interpreting the statute and on the plausibility of Plaintiff's UCL claim against it. (*See id.* at 5–6.) VWGoA urges the Court to reconsider its prior construction of the statute in favor of a narrower reading that avoids those identified "consequences." (*See id.*) Despite the new arguments VWGoA raises, it does not rely on any new material facts or change in controlling authority. Indeed, VWGoA raises a

challenge to the surviving claims of a FAC it already challenged and none of its cited authorities appear to predate the motion to dismiss briefing. (*See id.* at iii–viii.) VWGoA's motion instead appears to be an untimely motion for reconsideration.[2]

All arguments presented in the instant motion could have been raised in the prior round of pleadings-stage briefing. While it is true VWGoA's motion challenges the Court's construction of the statute—which VWGoA of course did not have until the Court issued the Prior Order—the motion nevertheless boils down to disagreement with the Court's interpretation of the statutory phrase "indirectly through an affiliate" and what its requirements are for liability. The issue pervades VWGoA's entire motion. (*See id.* at 4–5, 9, 11–13, 15–17, 19–21.) However, the parties briefed, and the Court thoroughly examined that precise issue, deciding it "expressly." *See Thomas*, 983 F.2d at 154; (Prior Order at 10–13.) Yet, "Defendant['s] instant motion for judgment on the pleadings essentially requests the Court reconsider that ruling," which on its own is grounds for denying the motion. *See iRhythm*, 2025 WL 3128193, at *5 (citation omitted). VWGoA is not at liberty to relitigate the previously-adjudicated issue of statutory interpretation by adding new arguments previously available to it[3] at the time of prior briefing and repackaging it for the Court in a motion for judgment on the pleadings.

---

[2] The Court issued the Prior Order on March 30, 2026. (ECF No. 66.) The Civil Local Rules of this district require motions for reconsideration to be filed within 28 days "after the entry of the ruling, order or judgment sought to be reconsidered." Civ. L.R. 7.1(i)(2). Both defendants' deadlines to move for reconsideration expired six months ago. Defendants' motions came nearly two months too late to be deemed motions for reconsideration. (*See* ECF Nos. 73, 75 (filed June 23, 2026).)

[3] For example, nothing stopped VWGoA from raising (1) the purported unavailability of plausible relief against it (*see* VWGoA Mot. at 1); (2) the potential for a broad construction of the statute to violate substantive due process (*see id.* at 2); (3) the presence or absence of a legislative intent to abrogate common law principles while amending the Vehicle Code (*see id.*); or (4) the applicability of the canon of constitutional avoidance and the rule of lenity in connection with (2). (*See id* at 2–3.) None of these arguments are novel defense theories that were unavailable to VWGoA at the time of the motion to dismiss briefing. VWGoA acknowledges its motion is focused on the "consequences" flowing from the Court's statutory construction of Cal. Veh. Code § 11713.3 and how those "consequences" can be avoided by applying its preferred, narrower construction. (*See* VWGoA Mot. at 1.) That is plainly an invitation for the Court to reverse itself and entertain VWGoA's second bite at the apple on statutory interpretation of the statute, which the Court declines. Regardless of the reason why it elected not to present these

VWGoA argues Rule 12(h)(2) "expressly preserves the defense of failure to state a claim, which 'may be raised . . . by a motion under Rule 12(c),'" thereby rendering its relitigation request proper. (*See* ECF No. 94 at 3) (quoting Fed. R. Civ. P. 12(h)(2)(B)). This argument misses the mark. "While it is true that a party is not procedurally barred from bringing a motion for judgment on the pleadings after bringing a motion to dismiss," it is a violation of the law of the case doctrine for a party to use a Rule 12(c) motion to relitigate issues decided against it in a prior motion to dismiss. *See Turner v. Cash*, No. CV 14-4758 JVS (AGRx), 2020 WL 929621, at *3–4 (C.D. Cal. Jan. 9, 2020).

Other courts in this circuit agree. In *Pampena v. Musk*, the court denied a defense motion for judgment on the pleadings where the court previously "considered and explicitly decided the main issue that [defendant] now raises" in ruling on the defense's prior motion to dismiss. *See* No. 22-cv-05937-CRB, 2024 WL 3678002, at *2–3 (N.D. Cal. Aug. 5, 2024). The *iRhythm* court similarly denied a motion for judgment on the pleadings as violative of the law of the case as spelled out in a prior motion to dismiss ruling, observing that while the new motion "may identify additional evidence to support [Defendants'] arguments . . . they are still relitigating the same issue." *See* 2025 WL 3128193, at *4–5 (citation modified). Lastly, the court in *Marble* also denied a Rule 12(c) motion that attempted to relitigate an issue adjudicated in a prior Rule 12(b)(6) ruling in the same case, noting denial of a motion to dismiss is not "an invitation to take a second bite at the apple under Rule 12(c)." *See* 2024 WL 86859, at *2. Though VWGoA identifies some new grounds for a narrower construction, its entire motion rests on the proper scope and interpretation of the statute—something the Court and all parties already extensively examined. Accordingly, the Court is precluded from reexamining the issue unless an exception to the law of the case doctrine applies. *See Turner*, 2020 WL 929621, at *3.

A district court may exercise its discretion to revisit issues covered by the law of the case doctrine where (1) the prior decision is clearly erroneous and enforcement would

arguments before, VWGoA may not now use them in an effort to relitigate an issue already adjudicated by this Court absent applicable exceptions to the doctrine of law of the case.

constitute a "manifest injustice," (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial. *See Provencio*, 26 F.4th at 821. None of these considerations are present here. First, VWGoA does not contend the Court's Prior Order was clearly erroneous. Indeed, VWGoA concedes the statute is "equally susceptible" to the Court's reading—it just prefers a narrower reading. (*See* VWGoA Mot. at 17–18.) Second, VWGoA does not identify any intervening controlling authority that renders its reconsideration request appropriate. Lastly, there has been no trial in this or any related matter. Accordingly, the Court concludes there are no viable exceptions to the law of the case doctrine. The Court therefore **DENIES** VWGoA's motion for judgment on the pleadings.

**2. Scout's Motion for Judgment on the Pleadings**

Scout's motion fares no better. Its motion is centered around whether Plaintiff plausibly states a claim under the "unfair" and "unlawful" prongs of the UCL. (*See generally* ECF No. 75.) However, the Court precisely addressed these issues and concluded after careful consideration that "[e]ven if Scout's conduct is not strictly unlawful, Plaintiff properly pleads a violation of UCL § 17200 based on an unfair business act or practice." (Prior Order at 16.) Like its co-defendant, Scout identifies no changed material facts or intervening authority to warrant reconsideration of this holding. Even where Scout may present new arguments (which, like VWGoA, were available but inexplicably not raised during the motion to dismiss briefing), those arguments explicitly seek relitigation of whether Plaintiff properly pleads a UCL violation against Scout. This is improper. The Prior Order, which expressly decided whether Plaintiff plausibly pleads a UCL violation against Scout, *see Thomas*, 983 F.2d at 154, constitutes the law of the case and the Court is therefore precluded from reconsidering the issue. *See Pampena*, 2024 WL 3678002, at *2. No relevant circumstances warrant an exception for exercising the Court's discretion to reopen the issue. (*See generally* ECF No. 75 (no argument the Court's Prior Order was clearly erroneous); *supra* Section III(A)(1).) For similar reasons identified above, the Court

declines to entertain a second round of briefing around the exact same issues it has already adjudicated. Therefore, the Court **DENIES** Scout's motion for judgment on the pleadings.

## IV. CONCLUSION

Following months of briefing and over 150 pages of written submissions, the Court issued a 29-page order on Defendants' motions to dismiss, which included a resolution of whether Plaintiff plausibly pleads UCL violations against Defendants and a careful consideration of the proper interpretation of California Vehicle Code § 11713.3. Those issues were decided against Defendants. The law of the case doctrine now bars Defendants' attempts to relitigate those issues through a motion for judgment on the pleadings given the circumstances. Defendants' motions for judgment on the pleadings (ECF No. 73, 75) are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: October 22, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**